UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIK M. BREWITT,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration,

    Defendant.

Case No. 09-5147 RJB/JRC

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of Magistrate Judge J. Richard Creatura (Dkt. 17). The Court has reviewed the Report and Recommendation, objections to the Report and Recommendation, the administrative record, and remainder of the file herein.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On December 28, 2004, Erik Brewitt filed an application for SSI disability benefits. Dkt. 17, p.2. The matter was assigned to an administrative law judge ("ALJ"), who held a hearing on September 25, 2007. *Id.* On February 22, 2008, the ALJ issued a decision which found Mr. Brewitt was not disabled. *Id.* The ALJ decision was subsequently affirmed by the Administration's Appeals Council. *Id.*

Mr. Brewitt sought judicial review of the ALJ decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). Dkt. 17, p. 2. Mr. Brewitt argued that (1) the ALJ erred at step two in his asessment

ORDER - 1

of Mr. Brewitt's severe impairments; (2) the ALJ erred at step three in deciding whether Mr. Brewitt's impairments met or medically equaled the listing of impairments; (3) the ALJ erred in his assessment of Mr. Brewitt's credibility and his residual functional capacity ("RFC"); and (4) the ALJ's assessment at step five was in error. *Id*.

On October 9, 2009, Magistrate Judge J. Richard Creatura issued a Report and Recommendation recommending that the Court affirm the administrative decision. On October 22, 2009, Mr. Brewitt filed his objections to the Report and Recommendation (Dkt. 18).

## II. DISCUSSION

The Magistrate Judge reported that (1) the ALJ properly assessed Mr. Brewitt's credibility; (2) the ALJ properly evaluated Mr. Brewitt's alleged sever impairments; (3) the ALJ properly found the Mr. Brewitt's impairments did not meet or equal any of the listed impairments; (4) the ALJ properly evaluated Mr. Brewitt's RFC; and the ALJ properly completed step five of the administrative process. Mr. Brewitt replied that (1) the assessment of Mr. Brewitt's credibility was in error; (2) step two, three, and five of the administrative process was in error, and (3) the assessment of Mr. Brewitt's RFC was in error.

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 201 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

Plaintiff bears the burden of proving that he is disabled within the meaning of the Social

ORDER - 2

1 Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment that has lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A person is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

After reviewing the court record and the administrative files, the Court agrees with the Magistrate Judge's Report and Recommendation affirming the administrative decision.  The ALJ's findings were not in legal error and were supported by substantial evidence in the record as a whole.

### III. ORDER

The Court, having reviewed the Report and Recommendation and the remaining record, does hereby find and **ORDER**:

(1)  The Court adopts the Report and Recommendation (Dkt. 17);

(2)  The Plaintiff's action is **DISMISSED WITH PREJUDICE**; and

(3)  The Clerk is directed to send copies of this Order to plaintiff, and to the Hon. J. Richard Creatura.

DATED this 3rd day of November, 2009.

/s/ Robert J. Bryan
Robert J. Bryan
United States District Judge